**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHANEL, INC., a New York corporation<br><br>      Plaintiff,<br><br>      v.<br><br>ADDICTIONS LUXE, INC., an Illinois corporation, d/b/a fashionable addictions luxe d/b/a  addictions-store.com d/b/a @FashionableMeds d/b/a fashionableaddictions d/b/a love addictions d/b/a fashionable addictionsone d/b/a addictions luxe d/b/a fashionable addictions incorporated and DOES 1-10,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No.  16-cv-6232 |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Chanel, Inc., a New York corporation ("Chanel") hereby sues Defendant Addictions Luxe, Inc., an Illinois corporation, d/b/a fashionable addictions luxe d/b/a addictions-store.com d/b/a @FashionableMeds d/b/a fashionableaddictions d/b/a love addictions d/b/a fashionable addictionsone d/b/a addictions luxe d/b/a fashionable addictions incorporated (the "Addictions Defendant") and Does 1-10 (collectively, the "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.      This is an action pursuant to (i) 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a). Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338.  Personal jurisdiction and venue are proper in this Court pursuant 28 U.S.C. § 1391 since the Addictions Defendant resides and conducts business in this District.

**THE PARTIES**

2.      Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019.   Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this District, costume jewelry, including necklaces and brooches, and other products under the Federally registered trademark ⨂ (the "Chanel Mark").

3.      The Addiction Defendant is, upon information and belief, an active corporation, organized under the laws of the State of Illinois with its principal places of business located 130 West Madison, Oak Park, Illinois 60302.

4.      Upon information and belief, the Addictions Defendant is directly engaging in the sale of counterfeit and infringing products within this District as alleged herein, and uses the aliases "fashionable addictions luxe," "addictions-store.com," "@FashionableMeds," "fashionableaddictions," "love addictions," "fashionable addictionsone," "addictions luxe," and "fashionable addictions incorporated" in connection with the operation of its business.

5.      Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this District.   Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant.   Chanel is presently unaware of the true names of Does 1-5.   Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

6.      Defendants Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this District.   Moreover, Does 6-10 are, upon information

2

and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant. Chanel is presently unaware of the true names of Does 6-10. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

<u>COMMON FACTUAL ALLEGATIONS</u>

7.      Chanel is the owner of the following United States Federal Trademark Registration:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
|  | 1,501,898 | August 30, 1988 | (Int'l Class: 6) Keychains<br>(Int'l Class: 14) Costume jewelry<br>(Int'l Class: 16) Gift wrapping paper<br>(Int'l Class: 25) Blouses, shoes, belts, scarves, jackets, men's ties<br>(Int'l Class: 26) Brooches, buttons for clothing |

which is registered in International Class 14, and used in connection with the manufacture and distribution of, among other goods, costume jewelry, including necklaces and brooches.

8.      The Chanel Mark has been used in interstate commerce to identify and distinguish Chanel's high quality costume jewelry, including necklaces and brooches, and other goods for an extended period of time.

9.      The Chanel Mark has never been assigned or licensed to the Defendants in this matter.

10.      The Chanel Mark is a symbol of Chanel's quality, reputation and goodwill and has never been abandoned.

3

2120003v.1

11.     Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Mark. The Chanel Mark qualifies as a famous mark as that term is used in 15 U.S.C. §1125(c)(1).

12.     Chanel has extensively used, advertised and promoted the Chanel Mark in the United States in association with the sale of costume jewelry, including necklaces and brooches, and other goods and has carefully monitored and policed the use of the Chanel Mark.

13.     As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing and sold under the Chanel Mark, as being high quality merchandise manufactured and sold by Chanel.

14.     Accordingly, the Chanel Mark has achieved secondary meaning as identifiers of high quality costume jewelry, including necklaces and brooches, and other goods.

15.     Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

16.     Chanel has discovered that the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit and infringing products, including, at a minimum, costume jewelry items, including necklaces and brooches, using a trademark which is an exact copy of the Chanel Mark (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the Chanel Mark for lower quality goods.

17.     Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing,

4

2120003v.1

selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of the Defendants' actions will be to confuse consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

18.     The Defendants advertise their Counterfeit Goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Mark. Indeed, the Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products bearing the Chanel Mark. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Mark has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

19.     Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this District and elsewhere throughout the United States. As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit.

20.     Defendants' infringement and disparagement of Chanel does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

21.     The Defendants' use of the Chanel Mark, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

5

22.     Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

23.     The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel's genuine goods and the Defendants' Counterfeit Goods.

24.     Chanel has no adequate remedy at law.

25.     Chanel is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

26.     The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

27.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 26 above.

28.     This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods using the Chanel Mark.

2120003v.1

29.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing costume jewelry items, including necklaces and brooches, using the Chanel Mark.  The Defendants are continuously infringing and inducing others to infringe the Chanel Mark by using it to advertise, promote and sell counterfeit costume jewelry items, including necklaces and brooches.

30.     Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing and sold under the Chanel Mark.

31.     The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

32.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Mark in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33.     Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

34.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35.     The Defendants' Counterfeit Goods bearing and sold under the Chanel Mark have been widely advertised and distributed throughout the United States.

2120003v.1

36.     The Defendants' Counterfeit Goods bearing and sold under the Chanel Mark are similar in appearance to Chanel's respective genuine goods.  However, the Counterfeit Goods are different and likely inferior in quality.  Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

37.     The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

38.     Specifically, the Defendants have authorized an infringing use of the Chanel Mark, in the Defendants' advertisement and promotion of their counterfeit and infringing costume jewelry items. The Defendants, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

39.     The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40.     Chanel has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to their goodwill and business reputation as well as monetary damages.

2120003v.1

## COUNT III - COMMON LAW TRADEMARK INFRINGEMENT

41.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 26 above.

42.     Plaintiff is the owner of all common law rights in and to the Chanel Mark.

43.     This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods using the Chanel Mark.

44.     Specifically, Defendants, upon information and belief, are manufacturing, promoting and otherwise advertising, distributing, offering for sale, and selling goods using infringements of the Chanel Mark.

45.     Defendants infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods advertised and sold using the Chanel Mark.

46.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

47.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 26 above.

48.     This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing a mark which is identical to the Chanel Mark in violation of Illinois' common law of unfair competition.

9

49.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods using counterfeits of the Chanel Mark. Defendants are using counterfeits and infringements of the Chanel Mark to unfairly compete with Plaintiff via a wholesale business operating throughout this District as well as via various e-commerce platforms and World Wide Web.

50.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Mark.

51.     Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## PRAYER FOR RELIEF

52.     WHEREFORE, Chanel demands judgment, jointly and severally, against the Defendants as follows:

a.     Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Mark; from using the Chanel Mark, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the

2120003v.1

trade and/or of the purchasing public to believe any goods or services of the Defendants are or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Mark in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, costume jewelry items, including necklaces and brooches, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

b.      Entry of an order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringement, counterfeiting and unfair competition and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from the Defendants in the amount of two million dollars ($2,000,000.00) per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

c.      Entry of an order awarding Chanel pre-judgment interest on its judgment amount.

d.      Entry of an order awarding Chanel its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

e.      Entry of an order awarding Chanel such other and further relief as the Court may deem just and proper.

Dated this 15th day of June, 2016.

2120003v.1

Respectfully submitted,

**Chanel, Inc., Plaintiff**

By: /s/ Jason M. Kuzniar
One of its attorneys

Jason M. Kuzniar (jason.kuzniar@wilsonelser.com)
Lamis G. Eli (lamis.eli@wilsonelser.com)
WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER, LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5001
Telephone: (312) 704-5550
Facsimile:  (312) 704-1522

Stephen M. Gaffigan (stephen@smgpa.net)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile:  (954) 767-4821

12

2120003v.1